NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10301 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00598-SOM |
| v. | |
| FELICIDAD RIVERA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Felicidad Rivera appeals from the district court's judgment and challenges

the 35-month sentence imposed following her guilty-plea convictions for 13 counts

of wire fraud, in violation of 18 U.S.C. § 1343.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rivera contends that the district court erred by applying a vulnerable victim enhancement under U.S.S.G § 3A1.1(b)(1). She argues that the victim's dyslexia and friendship with Rivera did not make the victim particularly vulnerable because these circumstances did not make it easier to defraud her. We review the district court's application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir.), *cert. denied,* 138 S. Ct. 229 (2017).

The record reflects that the victim had been diagnosed with dyslexia. She told the district court at sentencing that she transposed numbers and needed help managing her financial affairs, and that she became close friends with Rivera, her bookkeeper, during the course of their professional association. The record further shows that Rivera was repeatedly able to defraud the victim for several years without detection. The district court's determination that this combination of circumstances showed that the victim was "particularly susceptible to the criminal conduct," U.S.S.G. § 3A1.1 n.2, was not "illogical, implausible, or without support in inferences that may be drawn from facts in the record," *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc). Therefore, the district court did not abuse its discretion in applying the vulnerable victim enhancement.

**AFFIRMED.**

17-10301